UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL, | No. 2:19-cv-00031 KJM AC (PS) |
| Plaintiffs, | |
| v. | ORDER |
| CLINT DINGMAN, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. ECF No. 1. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). The undersigned initially granted plaintiff's motion to proceed in forma pauperis ("IFP") and ordered that plaintiff's complaint was appropriate for service. ECF No. 3. It has subsequently come to the court's attention that portions of plaintiff's complaint are likely barred by the doctrine of res judicata, and that the remainder of plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, the undersigned VACATES the portion of the previous order directing service of plaintiff's complaint, while leaving the grant of IFP status intact (ECF No. 3). For the reasons explained below, the court will not proceed with service of the complaint unless and until plaintiff corrects the deficiencies the court has identified. Plaintiff will therefore be given an opportunity to file an amended complaint. In light of this decision, the court DENIES plaintiff's pending "Memo re: Service and Other Orders; Motion to Amend" (ECF No. 6) as MOOT and STRIKES

1  plaintiff's "First Amended Complaint" (ECF No. 7).

2  **I.    Screening**

3      A determination that a plaintiff qualifies financially for in forma pauperis status does not

4  complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

5  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

6  relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

7  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

8  complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

9  Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

10  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the

11  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement

12  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and

13  (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth

14  simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

15      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

17  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

18  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

19  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

20  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

21  denied, 564 U.S. 1037 (2011).

22      The court applies the same rules of construction in determining whether the complaint

23  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

24  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

25  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

26  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

27  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

28  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

2

1    624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

2    to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

3    556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must

4    allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

5    570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

6    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7    Iqbal, 556 U.S. at 678.

8         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

9    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

10   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

11   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.     Background

13        Plaintiff's complaint seeks relief against Clint Dingman, Peter Kampa, Michelle Hanson,

14   Robert Winston, and Hornbrook Community Services District ("HCSD"), for (1) constitutional

15   violations, including violations of the right to free speech and petition, deprivation of due process,

16   equal protection and unlawful seizure, (2) violations of the Clean Water Act by HCSD, (3)

17   deprivation of equal protection by HCSD, (4) deprivations of rights to equal protection and due

18   process, (5) deprivations of right to due process and equal protection regarding gifts of public

19   funds, (6) deprivations of rights to due process and equal protection by defendant Winston, and

20   (7) "pendant state claims" including violations of HCSD bylaws, willful negligence, negligence,

21   violations of Government Code Section 1090 (self-dealing), gifts of public funds, violations of

22   the California Constitution Art. 1 § 2, unfair business practices as to Kampa, false claims as to

23   Winston, Kampa, and Dingman, civil conspiracy for deprivation of rights, intentional infliction of

24   emotional distress, nuisance, violations of the Bane Act, improperly unbilled fees and charges,

25   waste of public funds, and punitive damages. ECF No. 1 at 1-24.

26        Plaintiff alleges that Dingman, Hanson, Kampa, Winston, and John Does are officers,

27   employees, contractors, or agents of HCSD. ECF No. 1 at 2. He alleges that each defendant

28   owed fiduciary duties to HCSD and knowingly violated these duties. Id. at 3. Plaintiff alleges

3

1    defendants undercharged or waived fees for certain customers of HCSD and failed to collect a

2    "standby fee" that was required by the HCSD bylaws. Id. at 5. Plaintiff alleges defendants

3    conspired to have Dingman work on the HCSD water production, treatment and distribution

4    without a license. Id. at 6. Plaintiff alleges that Dingman unlawfully seized, converted and

5    destroyed plaintiff's personal property (cameras and related equipment) without due process and

6    Kampa failed to prevent or cure these actions. Id. at 10.

7           Plaintiff more specifically alleges that on or about August 10, 2017, while he was lawfully

8    taking photos of the water treatment facility to document Dingman's wrongful conduct, Dingman

9    reached over the fence and grabbed Plaintiffs Samsung PL21 0 camera, breaking it. Dingman

10   then opened the gate to the facility and attacked Plaintiff, injuring him. During the attack,

11   Dingman stated that one of his reasons for doing so was that plaintiff had filed lawsuits against

12   Dingman and the HCSD. ECF No. 1 at 11. Plaintiff alleges that Kampa and Dingman conspired

13   to "cover up" this incident. Id. at 12. Plaintiff alleges that defendant Winston knowingly

14   conspired with other defendants to violate HCSD bylaws and various laws. ECF No. 1 at 13-14.

15                              **III.    Analysis**

16        A.  Res Judicata Bars Portions of Plaintiff's Complaint

17          Plaintiff brings several claims that have already been litigated in the closed case Harrell v.

18   Hornbrook Community Services, et al., 2:14–cv–01595 KJM GGH (E.D. Cal.) ("Harrell I").

19   That action was dismissed in its entirety, with prejudice. Harrell I at ECF No. 157, 159. The case

20   was closed on September 29, 2017. ECF No. 160. Large portions of the current action overlap

21   with the issues presented and adjudicated in Harrell I, and are therefore barred by res judicata.

22          The legal doctrine of res judicata "bars repetitious suits involving the same cause of action

23   once a court of competent jurisdiction has entered a final judgment on the merits." United States

24   v. Tohono of Odham Nation, 131 S. Ct. 1723, 1730 (2011) (internal quotation marks omitted).

25   Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously

26   available to the parties, regardless of whether they were asserted or determined in the prior

27   proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940). "Res

28   judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the

merits, and (3) privity between parties." <u>Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted).

Here, most parties are the same: defendants HCSD, Hanson, and Winston appear in both complaints. <u>Compare</u>, ECF No. 1 at 1 <u>with</u> <u>Harrell I</u>, ECF No. 1 at 8. Only Dingman and Kampa appear in the Complaint at bar and not in <u>Harrell I</u>. Further, although defendants Dingman and Kampa were not parties in Harrel I, Dingman is mentioned in the <u>Harrell I</u> complaint (<u>See</u>, <u>Harrell I</u> at ECF No. 1 at 8). Where the parties in both actions are identical, they are "quite obviously in privity." <u>Tahoe-Sierra Pres. Council, Inc.</u>, 322 F.3d at 1081. In <u>Harrell I</u>, plaintiff brought claims for violations of free speech, deprivation of due process, and "pendant state law claims" including slander, willful negligence, negligence, false light, civil conspiracy, negligent or intentional infliction of emotional distress, labor code violations, nuisance, and punitive damages. <u>Harrell I</u> at ECF No. 1 at 16-20. The claims in <u>Harrell I</u> appear to be largely predicated on the same incidents, or series of incidents, as the case at bar: unlawful violations of the HCSD bylaws, improperly held meetings, self-dealing, and general conspiracy allegations. <u>Compare</u> ECF No. 1 with <u>Harrel I</u> at ECF No. 1. Because the allegations of the present complaint are difficult to parse, the court cannot determine with confidence the extent to which plaintiff's complaint is barred by res judicata. However, it does appear clear that plaintiff's complaint may be at least partially barred.

B. Plaintiff's Complaint Fails to Comply with Fed. R. Civ. P. 8

Upon second review, plaintiff's complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is obscured by the complaint, which although reasonable in length, addresses several vague, disconnected events and allegations. <u>See</u>, ECF No. 1. For example, plaintiff alleges that defendant Hanson failed to comply with the California water code, but does not explain how. ECF No. 1 at 5. Plaintiff also makes the conclusory allegation that Hanson, Kampa and Dingman all acted to "cover up" Dingman's negligence that led to partial distribution

5

of a water plant, without clear explanation of how Dingman was negligent, how the negligence

impacted plaintiff, how there was a "cover up" or how the "cover up" impacted plaintiff. Id. The

sheer quantity of allegations in plaintiff's complaint, and plaintiff's disjointed writing, make it

impossible for the court (or defendants) to precisely determine what legal wrong was done to

plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Because plaintiff's complaint is confusing, vague, and disjointed, the complaint does not

comply with Fed. R. Civ. P. 8. Rather than recommending dismissal of the action, the

undersigned will provide plaintiff an opportunity to submit an amended complaint that both

complies with Rule 8 and does not bring claims barred by res judiciata.

## IV. Amending the Complaint

If plaintiff chooses to amend the complaint,[1] the amended complaint must not include

allegations or causes of action that have already been litigated, and are therefore barred by res

judicata, or claims that are presently being litigated in a separate ongoing case. In addition, it

must contain a short and plain statement of plaintiff's claims. The allegations of the complaint

must be set forth in sequentially numbered paragraphs, with each paragraph number being one

greater than the one before, each paragraph having its own number, and no paragraph number

being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of

circumstances" where possible. Rule 10(b). As noted above, forms are available to help

plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office,

501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at

www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid

narrative and storytelling. That is, the complaint should not include every detail of what

happened, nor recount the details of conversations (unless necessary to establish the claim), nor

give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should

---

[1] Plaintiff has already filed a "First Amended Complaint" which appears to be the same as the initial complaint but includes several attachments. Because the "First Amended Complaint" does nothing to solve the problems contained in the original compliant, it will be STRICKEN.

1     contain only those facts needed to show how the defendant legally wronged the plaintiff.

2         The amended complaint must not force the court and the defendants to guess at what is

3     being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

4     (affirming dismissal of a complaint where the district court was "literally guessing as to what

5     facts support the legal claims being asserted against certain defendants"). The amended

6     complaint must not require the court to spend its time "preparing the 'short and plain statement'

7     which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

8     require the court and defendants to prepare lengthy outlines "to determine who is being sued for

9     what." Id. at 1179.

10         Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

11     amended complaint complete. An amended complaint must be complete in itself without

12     reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended

13     complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline

14     Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

15     supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

16     Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an

17     original complaint, each claim and the involvement of each defendant must be sufficiently

18     alleged.

19                         **V.     Pro Se Plaintiff's Summary**

20         It is not clear that this case can proceed in federal court. The court cannot tell from the

21     complaint what legal harm was done to you, and the circumstances and causes of action set forth

22     in the current complaint are confusing and vague. Further, it appears that many of the issues set

23     forth in this complaint may have already been litigated and are therefore barred from re-litigation.

24     Because the complaint as written does not comply with Federal Rule of Civil Procedure 8 and

25     appears to address issues that have already been litigated, it will not be served on defendants.

26     Your lawsuit cannot proceed unless you fix the problems with your complaint.

27         You are being given 30 days to submit an amended complaint that provides a proper basis

28     for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms

what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. Your amended complaint cannot include claims that have been litigated in any other case. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The court's prior order at ECF No. 3 is VACATED insofar as it directs service on the defendants, though plaintiff may continue to proceed with IFP status.

2. Plaintiff's "Memo re Service and Other Orders; Motion to Amend" is DENIED as MOOT and plaintiff's "First Amended Complaint" (ECF No. 7), which does not cure any problem presented by the original Complaint, is STRICKEN.

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: February 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE