UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>Plaintiffs,<br><br>v.<br><br>CLINT DINGMAN, et al.,<br><br>Defendants. | No. 2:19-cv-00031 KJM AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. ECF No. 1. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). The undersigned rejected plaintiff's initial complaint on screening, finding portions of the complaint were likely barred by the doctrine of res judicata. The court further found that the remainder of plaintiff's complaint did not comply with Fed. R. Civ. P. 8. ECF No. 8. Plaintiff filed a First Amended Complaint ("FAC") on March 11, 2019. ECF No. 11. The FAC is now before the undersigned for screening.

**I. Screening**

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the

1

complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. Background

Plaintiff's FAC seeks relief against Clint Dingman, Peter Kampa, Michelle Hanson, Robert Winston, and Hornbrook Community Services District ("HCSD"), all of whom were named as defendants in the initial complaint, as well as new defendants Patricia Slote, Robert Puckett, Sr., Ernest Goff, and Kevin Dixon. ECF No. 11 at 1. Plaintiff's 38 page FAC contains numerous causes of action including (1) constitutional violations, including violations of the right to free speech and petition, deprivation of Due Process rights, equal protection and unlawful seizure, (2) violations of the Clean Water Act by HCSD, (3) deprivation of equal protection by HCSD, (4) deprivations of rights to equal protection and due process, (5) deprivations of right to due process and equal protection regarding gifts of public funds, (6) deprivations of rights to due process and equal protection, and (7) "pendant state claims" including violations of HCSD bylaws, willful negligence, negligence, violations of Government Code Section 1090 (self-dealing), gifts of public funds, violations of the California Constitution Art. 1 § 2, unfair business practices, false claims, civil conspiracy for deprivation of rights, intentional infliction of emotional distress, nuisance, violations of the Bane Act, improperly unbilled fees and charges, waste of public funds, false claims and fraud, violations of public contract code, public entity liability for failure to preform mandatory duty, and punitive damages. ECF No. 1 at 1-36.

Plaintiff alleges that all individual defendants are officers, employees, contractors, or agents of HCSD. ECF No. 11 at 2. Plaintiff's complaint details numerous related and unrelated actions taken by each defendant that were allegedly improper for various reasons. Id. at 5-26. Although plaintiff alleges facts that include actions occurring as early as January 5, 2016 (Id. at 5) and ongoing conspiracies, he specifies that this case only applies to "events and circumstances encompassed within the time period of December 28, 2016, through and including December 30, 2018." Id. at 1-2.

### III. Analysis

Upon review, plaintiff's FAC still does not contain a "short and plain" statement setting forth, in a clear and understandable manner, the basis for plaintiff's claims, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is obscured by the complaint, which is 38 pages in length, addresses disconnected events and allegations involving multiple defendants, and is written in such an overly complex and disjointed manner that makes it difficult to understand exactly what plaintiff's claims are and whether the facts alleged provide a basis for those claims. Plaintiff's initial complaint presented the same deficiency, and plaintiff's FAC does nothing to cure the problem. Compare, ECF Nos. 1 and 11. Again, the sheer quantity of allegations in plaintiff's complaint and plaintiff's disjointed writing makes it impossible for the court, and therefore for defendants, to precisely determine what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Because plaintiff's complaint is confusing, vague, and disjointed, the complaint does not comply with Fed. R. Civ. P. 8. Rather than recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to submit a second amended complaint that complies with Rule 8.

### IV. Amending the Complaint

If plaintiff chooses to amend the FAC, the second amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what

4

happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Pro Se Plaintiff's Summary

It is not clear that this case can proceed in federal court. The court cannot tell from the FAC what legal harm was done to plaintiff, and the circumstances and causes of action set forth in the current complaint are overly confusing and vague. Because the FAC as written does not comply with Federal Rule of Civil Procedure 8, <u>it will not be served on defendants</u>. Your lawsuit cannot proceed unless you fix the problems with your FAC.

You are being given 30 days to submit a second amended complaint that complies with Fed. R. Civ. P. 8. If you submit a second amended complaint, it needs to explain in simple terms

what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants, and whether they are legally sufficient. Your second amended complaint cannot include claims that have been litigated in any other case. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) does not comply with Fed. R. Civ. P. 8 and cannot be served in its current form; and

2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: April 2, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE