| | |
|---|---|
| PETER T. HARRELL, | No. 2:19-cv-00031 KJM AC (PS) |
| Plaintiffs, | |
| v. | <u>FINDINGS AND RECOMMNEDATIONS</u> |
| CLINT DINGMAN, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Civil Rule 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 3. The undersigned rejected plaintiff's initial complaint on screening, finding portions of the complaint were likely barred by the doctrine of res judicata, and that the remainder of plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8. ECF No. 8. The undersigned then rejected plaintiff's First Amended Complaint ("FAC"), finding that it also failed to comply with Rule 8 due to the quantity of disjointed allegations. ECF No. 13. The FAC was dismissed with leave to file a Second Amended Complaint ("SAC") that complied with Rule 8. <u>Id.</u> The SAC, ECF No. 17, is now before the undersigned for screening.

////

////

1

**I. Screening**

A determination that a plaintiff qualifies financially for IFP status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. Analysis of the Complaint

Plaintiff's SAC seeks relief against the same defendants named in the FAC: the Hornbrook Community Services District; eight named individuals, all employees or officials of the District; and "John Does 5-30." ECF No. 17 at 1, 2-3. The SAC contains 22 of the 28 causes of action asserted in the FAC and described in this court's previous screening order, including numerous alleged constitutional violations, claims purporting to arise under the Safe Drinking water Act and the Clean Water Act, and numerous pendant state law claims. ECF No. 17 at 1 and *passim*. The underlying dispute appears to involve the quality and quantity of water provided by the District to plaintiff's property in Siskiyou County, which is alleged to have injured his trees, plants, livestock, and the value of his property. Id. at 4.

Comparison of the SAC and the FAC reveals that plaintiff has changed the phrasing of certain claims, split large paragraphs into shorter ones, and condensed or deleted certain paragraphs. The most significant improvement to the SAC is the addition of a section containing allegations common to certain defendants. Id. at 5-6. However, despite these changes, the SAC still largely replicates the overly complex and disjointed language of the FAC.

Upon review, plaintiff's SAC still does not contain a "short and plain" statement setting forth, in a clear and understandable manner, the basis for plaintiff's claims, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Rule 8(a)(1), (3).

3

The exact nature of what happened to plaintiff remains obscured by the complaint, which—although shorter than the FAC—still describes disconnected events and allegations involving multiple defendants, and is written in such an overly complex and disjointed manner that it is difficult to understand exactly what plaintiff's claims are and whether the facts alleged provide a basis for those claims. While plaintiff has made various edits and deletions, the majority of the SAC's allegations are identical to those found to be deficient in the FAC and the initial complaint. Compare, ECF Nos. 1, 11, 17. The sheer quantity of factual allegations and legal assertions in plaintiff's complaint makes it impossible for the court, and therefore for defendants, to determine whether any cognizable claim is presented, what legal wrong may have been done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Plaintiff's SAC does not meet the pleading standard of Rule 8, and fails to plainly identify any claim(s) that would entitle plaintiff to relief. Because plaintiff has had multiple opportunities to submit a viable complaint and has failed to do so, it is clear to the undersigned that granting further leave to amend would be futile. Noll, 809 F.2d at 1448.

### III. Pro Se Plaintiff's Summary

The undersigned is recommending that your case be dismissed because your SAC suffers from the same pleading defects found in your previous complaints. You have been given two opportunities to amend your complaint, and the court will give you no additional opportunities. The recommendation will go to the District Judge assigned to this case. You have 21 days, as discussed below, to object to these recommendations.

### IV. Conclusion

Accordingly, for the reasons set forth above, the undersigned recommends that plaintiff's Second Amended Complaint (ECF No. 17) be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure

to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 28, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE